**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM MICHAEL WATTS,** | ) | |
| **ID # 39661-177,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:10-CV-1354-L (BH)** |
| | ) | |
| **MAUREEN CRUZ, Warden,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case has been referred for findings, conclusions and recommendation.

**I.  BACKGROUND**

Petitioner, a federal inmate currently incarcerated in the Bureau of Prisons, FCI Seagoville, filed a petition for habeas corpus relief under 28 U.S.C. § 2241 on July 8, 2010.  On that same date, he filed a motion for leave to proceed *in form pauperis* (IFP).  (*See* doc. 2).  On July 15, 2010, this Court issued an order informing petitioner that his motion did not provide a certificate of trust account (CTA) for the six months prior to the filing of this action as required by 28 U.S.C. § 1915(a), and allowing him thirty days to correct this deficiency. (*See* doc. 3).  On August 2, 2010, petitioner filed an amended motion to proceed IFP, along with a CTA.  The CTA showed that his balance as of the date of its preparation was $63.10, and that the average monthly deposits to petitioner's account for the previous six months had been $91.00.  (*See* doc. 4).

By order dated August 4, 2010, the Court found that petitioner should be denied IFP status and directed him to pay the $5 filing fee within thirty days.  (*See* doc. 5).  It warned him that a failure to do so would result in a recommendation that IFP status be denied and that this action be dismissed.  More than thirty days from the date of that order have passed, but petitioner has not paid

the required $5.00 filing fee.

## II.  IFP STATUS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship."  *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*

Petitioner's CTA shows that $63.10 was in his account on the date of its preparation.  He has not shown that he has any other demands on his financial resources.  The Court should therefore conclude that he will not suffer undue financial hardship after payment of the $5.00 filing fee and deny him permission to proceed *in forma pauperis* in this action.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Petitioner has failed to comply with the order that he pay the $5 filing fee within thirty days.  Accordingly, this action is subject to dismissal without prejudice for petitioner's failure to prosecute.

## IV.  RECOMMENDATION

The Court should **DENY** the applications to proceed *in forma pauperis* (doc. 2 & 4) filed on July 8, 2010, and August 2, 2010.  If petitioner does not pay the $5.00 filing fee within the time

for filing objections to this recommendation, the Court should dismiss this action without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 13th day of September, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE